IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN BAUGH AND TRACEY BAUGH,       ) <br>     ) <br>     ) <br>   Plaintiffs,     ) <br>     ) <br>   v.     ) <br>     ) <br> GALE LIM HOLDINGS, INC.,     ) <br> and Idaho Corporation, and GALE     ) <br> LIM,     ) <br>     ) <br>   Defendants.     ) <br> _____) | Case No. CV-08-321-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendant's Motion for Summary Judgment (Docket No. 17).  The Court heard oral argument on the motion on December 19, 2008, and now issues the following decision.

**BACKGROUND**

In September 2006, Gale Lim Holdings, Inc. ("Lim"), formerly known as Gale Lim Construction, Inc., entered into a contract with the state of Idaho Department of Transportation ("IDT") to repair portions of the Tin Cup Highway destroyed by a landslide.  Pursuant to contract, IDT required Lim to indemnify IDT

**Memorandum Decision and Order – 1**

from all claims and maintain worker's compensation insurance for all employees and subcontractors.  Lim maintained worker's compensation insurance through the State Insurance Fund.

On October 9, 2006, Silver Star Communications ("Silver Star") sent its employee, John Baugh, to the excavation site to locate and mark its fiber optic cable.  John Baugh was injured while at the site.

## ANALYSIS

### I.    Summary Judgment Standard of Review

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving

**Memorandum Decision and Order – 2**

party, *id.* at 255, and the Court must not make credibility findings.  *Id.*  Direct

testimony of the non-movant must be believed, however implausible.  *Leslie v.*

*Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is

not required to adopt unreasonable inferences from circumstantial evidence.

*McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

      The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.

2001)(en banc).  To carry this burden, the moving party need not introduce any

affirmative evidence (such as affidavits or deposition excerpts) but may simply

point out the absence of evidence to support the nonmoving party's case.  *Fairbank*

*v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).

      This shifts the burden to the non-moving party to produce evidence

sufficient to support a jury verdict in her favor.  *Id.* at 256-57.  The non-moving

party must go beyond the pleadings and show "by her affidavits, or by the

depositions, answers to interrogatories, or admissions on file" that a genuine issue

of material fact exists.  *Celotex,* 477 U.S. at 324.

      Statements in a brief, unsupported by the record, cannot be used to create an

issue of fact.  *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th

Cir. 1995).  The Circuit "has repeatedly held that documents which have not had a

**Memorandum Decision and Order – 3**

proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document. *Id.*

## II.     Lim's Motion for Summary Judgment

Lim contends that as a "statutory employer" of Baugh, it is immune from Baugh's tort claims. Under Idaho worker's compensation laws, "an employee may have more than one employer: the employer who directly hired the employee and a person or entity who, by statute, is also held to be the employer for the purposes of worker's compensation." *Gonzalez v Lamb Weston, Inc.*, 124 P.3d 996, 998 (Idaho 2005); *see also Struhs v. Protection Technologies, Inc.*, 992 P.2d 164 (Idaho 1999). These "statutory employers" may be held liable for worker's compensation benefits, but "they also enjoy immunity from liability for common law torts." *Id.* (citing *Robison v. Bateman-Hall, Inc.*, 76 P.3d 951 (Idaho 2003). In *Gonzalez*, the Idaho Supreme Court described these immunity statutes as follows:

Idaho Code § 72-223(1) grants immunity from tort

**Memorandum Decision and Order – 4**

liability to two categories of statutory employers: (1) "those employers described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72-301, Idaho Code" and (2) "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed."

*Gonzalez*, 124 P.3d at 998.

Lim contends that it was a "statutory employer" of Baugh through its contract with Silver Star and Silver Star's compliance with section 72-301 as described in *Gonzalez*. Section 72-301 requires every employer to secure the payment of compensation under the law by, for example, "insuring and keeping insured with a policy of workmen's compensation insurance." I.C. § 72-301(1).

Baugh does not dispute the legal argument that "statutory employers" are immune from certain tort liability. However, Baugh contends that immunity does not apply here because Lim did not have a contract with Silver Star. Thus, Lim's motion for summary judgment turns on whether Lim had a contract with Silver Star.

In Idaho, contract formation is typically a question of fact for the trier of fact to resolve. *P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 159 P.3d 870,

**Memorandum Decision and Order – 5**

875 (Idaho 2007).  A valid contract requires a meeting of the minds evidenced by a

manifestation of mutual intent to contract, formed by an offer and acceptance.  *Id.*

at 876.  "In a dispute over contract formation it is incumbent upon the plaintiff to

prove a distinct and common understanding between the parties."  *Id.* (Internal

quotation and citation omitted.)

Here, there is no dispute that Lim and Silver Star did not have a written

contract.  Instead, Lim contends that the parties created an oral contract when Lim

offered to have Silver Star send Baugh to Lim's work site and locate Silver Star's

cable.  Lim suggests that Silver Star accepted the offer by sending Baugh to the

work site, and that "Lim gave consideration to Silver Star by protecting its cable

while Lim performed the work."  (Lim's Supplemental Brief.)

These allegations do not fulfill Lim's burden of proving a distinct and

common understanding between the parties.  Lim had a statutory duty, not

necessarily a contractual duty, to notify Silver Star of its commencement of the

excavation.  See Idaho Code § 55-2203(1).  Moreover, Lim oversimplifies the

holding in *Robinson v. Bateman-Hall, Inc.*, 76 P.3d 951 (Idaho 2003) by

suggesting that it unequivocally states that when a person is present in furtherance

of an entity's business, the business is entitled to immunity under Idaho's worker's

compensation statutes.  To be clear, in *Robinson*, the Idaho Supreme Court stated

**Memorandum Decision and Order – 6**

in relevant part as follows:

> To determine who is a virtual proprietor or operator, the
> Court must consider whether the work being done
> pertains to the business, trade, or occupation of the owner
> or proprietor and whether such business, trade, or
> occupation is being carried on by it for pecuniary gain.
> Generally, to find a business or person to be a statutory
> employer, the work being carried out by the independent
> contractor on the owner or proprietor's premises must
> have been the type that could have been carried out by
> employees of the owner or proprietor in the course of its
> usual trade or business. In short, if a person is normally
> equipped with manpower and tools to do a job and
> nevertheless contracts it to another employer, he is the
> statutory employer of the second employer's employees.

*Robinson*, 76 P.3d at 956. (Internal quotations and citations omitted.)  Based on the

record before the Court, that simply was not the case here.  Instead, the more

reasonable interpretation of the evidence before the Court suggests that Lim

contacted Silver Star pursuant to its statutory duty, and Silver Star sent Baugh to

the work site to locate and protect its own lines, not to further Lim's pecuniary

interest.  Accordingly, at the very least, there is a question of fact as to whether

Lim and Silver Star had a sufficient meeting of the minds to create a contract

between them.  Thus, the Court will deny the motion for summary judgment.

**Memorandum Decision and Order – 7**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket No. 17) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that even if the Court granted Defendant's Motion to Strike (Docket No. 29), it would not affect the outcome of Court's decision on Defendant's Motion for Summary Judgment.  Accordingly, the motion (Docket No. 29) shall be, and the same is hereby DEEMED MOOT.

DATED:  **January 5, 2009**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – 8**