IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN BAUGH AND TRACEY BAUGH, <br><br> Plaintiffs, <br><br> v. <br><br> GALE LIM HOLDINGS, INC., and Idaho Corporation, and GALE LIM, <br><br> Defendants. | Case No. CV-08-321-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Second Motion for Reconsideration (Docket No. 47) and Defendants' Motion to Renew Objection (Docket No. 67). The Court has determined that oral argument will not substantially assist the Court in its decision. Therefore, the Court will decide the motion based on the briefs.

## BACKGROUND

In September 2006, Gale Lim Holdings, Inc. ("Lim"), formerly known as

**Memorandum Decision and Order – 1**

Gale Lim Construction, Inc., entered into a contract with the state of Idaho Department of Transportation ("IDT") to repair portions of the Tin Cup Highway destroyed by a landslide. Pursuant to contract, IDT required Lim to indemnify IDT from all claims and maintain worker's compensation insurance for all employees and subcontractors. Lim maintained worker's compensation insurance through the State Insurance Fund.

On October 9, 2006, Silver Star Communications ("Silver Star") sent its employee, John Bough, to the excavation site to locate and mark its fiber optic cable. John Bough was injured while at the site.

Lim moved for summary judgment, but the Court denied the motion after hearing oral argument. Lim then moved for reconsideration of the Court's Order, which the Court summarily denied because Defendants failed to show either an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or to prevent manifest injustice. Lim now seeks reconsideration again, claiming that each of these grounds are now met in this case.

## ANALYSIS

I.   **Motion for Reconsideration Standard of Review**

A motion to reconsider an interlocutory ruling requires an analysis of two

**Memorandum Decision and Order – 2**

important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the

**Memorandum Decision and Order – 3**

availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## II.     Defendant's Motion for Reconsideration

In its motion for summary judgment, Lim argued that as a "statutory employer" of Bough, it is immune from Bough's tort claims. As the Court noted in its earlier Order, under Idaho worker's compensation laws, "an employee may have more than one employer: the employer who directly hired the employee and a person or entity who, by statute, is also held to be the employer for the purposes of worker's compensation." *Gonzalez v Lamb Weston, Inc.*, 124 P.3d 996, 998 (Idaho 2005); *see also Struhs v. Protection Technologies, Inc.*, 992 P.2d 164 (Idaho 1999). These "statutory employers" may be held liable for worker's compensation benefits, but "they also enjoy immunity from liability for common law torts." *Id.* (citing *Robison v. Bateman-Hall, Inc.*, 76 P.3d 951 (Idaho 2003). In *Gonzalez*, the Idaho Supreme Court described these immunity statutes as follows:

> Idaho Code § 72-223(1) grants immunity from tort liability to two categories of statutory employers: (1) "those employers described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section

**Memorandum Decision and Order – 4**

> 72-301, Idaho Code" and (2) "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed."

*Gonzalez,* 124 P.3d at 998.

Lim argued in its motion for summary judgment that it was a "statutory employer" of Bough through its contract with Silver Star and Silver Star's compliance with section 72-301 as described in *Gonzalez*. Section 72-301 requires every employer to secure the payment of compensation under the law by, for example, "insuring and keeping insured with a policy of workmen's compensation insurance." I.C. § 72-301(1).

Bough did not dispute the legal argument that "statutory employers" are immune from certain tort liability. However, Bough did argue that immunity does not apply here because Lim did not have a contract with Silver Star. Thus, Lim's motion for summary judgment turned on whether Lim had a contract with Silver Star.

In the earlier Order, the Court explained the well established law for contract formation in Idaho, which holds that a valid contract requires a meeting of the minds evidenced by a manifestation of mutual intent to contract, formed by an

**Memorandum Decision and Order – 5**

offer and acceptance.  *P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 159 P.3d 870, 876 (Idaho 2007). "In a dispute over contract formation it is incumbent upon the plaintiff to prove a distinct and common understanding between the parties." *Id*. at 876 (Internal quotation and citation omitted.).  After noting that there was no dispute that Lim and Silver Star did not have a written contract, the Court addressed Lim's contention that the parties created an oral contract when Lim offered to have Silver Star send Baugh to Lim's work site and locate Silver Star's cable.  The Court concluded, however, that Lim's assertions did not fulfill Lim's burden of proving a distinct and common understanding between the parties. Lim had a statutory duty, not necessarily a contractual duty, to notify Silver Star of its commencement of the excavation.  See Idaho Code § 55-2203(1).  Based on the record before the Court, the Court determined that, at the very least, there is a question of fact as to whether Lim and Silver Star had a sufficient meeting of the minds to create a contract between them.  Thus, the Court denied Lim's motion for summary judgment.

     Lim now contends that John Baugh's deposition testimony, taken after the Court decided the motion for summary judgment, establishes that there was a contract between Lim and Silver Star.  Lim also suggests that recent Idaho case law entitles Lim to statutory employer immunity.

**Memorandum Decision and Order – 6**

Lim suggests that Baugh's recent testimony establishes that Silver Star sent Baugh to the dig site pursuant to an agreement between Lim and Silver Star. Lim essentially argues that the purpose of sending Baugh to the dig site was to further Lim's pecuniary interest because Lim could not have completed its construction job, but for Baugh's expertise and direction in locating the dig line. However, this does not necessarily create or evidence a contract between Lim and Silver Star. As stated in the Court's earlier Order, Lim also had a statutory duty, not necessarily a contractual duty, to notify Silver Star of its commencement of the excavation. See Idaho Code § 55-2203(1). Thus, one could reasonably conclude that Lim contacted Silver Star pursuant to its statutory duty, and that Silver Star sent Bough to the work site to locate and protect its own lines, not to further Lim's pecuniary interest. Baugh's testimony does not change that reasonable conclusion. The Court still finds that, at the very least, there is a question of fact as to whether Lim and Silver Star had a sufficient meeting of the minds to create a contract between them.

With respect to Lim's contention that recent Idaho case law requires reconsideration, the Court finds that the cases cited by Lim – *Ewing v. State of Idaho, Dep't of Transp.*, 208 P.3d 287 (Idaho 2009) and *Blake v. Starr*, 203 P.3d 1246 (Idaho 2009) – are distinguishable. Neither case involves a factual dispute

**Memorandum Decision and Order – 7**

over the existence of a contractual relationship. In *Blake*, the Court explained that "the parties agree that ISG and TPS had a contractual relationship at the time of the accident. . . ." *Blake*, 203 P.3d at 1249. Likewise, in *Ewing*, the Court recognized that "Ewing's employer, North Star, was a subcontractor for Scarsella, which had contracted with IDT to perform the construction work." *Ewing*, 208 P.3d at 289. Thus, the Idaho Supreme Court concluded that "Ewing was a statutory employee of Scarsella, as well as ITD, for work performed within the scope of the contract." *Id.* The factual dispute over whether a contract existed between Lim and Silver Star prevents the same conclusion in this case. The Court therefore also concludes that it did not commit clear error and it need not reconsider its earlier decision to prevent manifest injustice. Accordingly, the Court will deny the Motion for Reconsideration.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (Docket No. 47) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Renew Objection (Docket No. 67) shall be, and the same is hereby DEEMED MOOT. The subject areas of the affidavits do not affect the Court's decision to deny the motion to reconsider.

**Memorandum Decision and Order – 8**



DATED: **August 28, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge