IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN BAUGH AND TRACEY BAUGH, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>GALE LIM HOLDINGS, INC., and Idaho Corporation, and GALE LIM, <br><br>　　　　Defendants. | Case No.  CV-08-321-E-BLW <br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Partial Summary Judgment (Docket No. 96).  The parties did not request oral argument, and the Court has determined that oral argument will not substantially assist the Court in its decision. Therefore, the Court will decide the motion based on the briefs.

## BACKGROUND

In September 2006, Gale Lim Holdings, Inc. ("Lim"), formerly known as Gale Lim Construction, Inc., entered into a contract with the state of Idaho Department of Transportation ("IDT") to repair portions of the Tin Cup Highway

**Memorandum Decision and Order – 1**

destroyed by a landslide.  Pursuant to the contract, IDT required Lim to indemnify IDT from all claims and maintain worker's compensation insurance for all employees and subcontractors.  Lim maintained worker's compensation insurance through the State Insurance Fund.

On October 9, 2006, Silver Star Communications ("Silver Star") sent its employee, John Baugh, to the excavation site to locate and mark its fiber optic cable.  John Baugh was injured while at the site.

Lim moved for summary judgment, but the Court denied the motion after hearing oral argument.  Lim then moved for reconsideration of the Court's Order, which the Court summarily denied because Defendants failed to show either an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice.  Lim sought reconsideration once again, but the Court denied that motion as well.  Plaintiffs now move for partial summary judgment.

## ANALYSIS

### I. Summary Judgment Standard of Review

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the

**Memorandum Decision and Order – 2**

"principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255. If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id*.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.

**Memorandum Decision and Order – 3**

2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor.  *Id.* at 256-57.  The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists.  *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment."  *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).  Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts."  *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## II.     Plaintiffs' Motion for Reconsideration

In its initial motion for summary judgment, Lim argued that as a "statutory employer" of Baugh, it is immune from Baugh's tort claims.  The Court recognized

**Memorandum Decision and Order – 4**

in its earlier orders that, under Idaho worker's compensation laws, "an employee may have more than one employer: the employer who directly hired the employee and a person or entity who, by statute, is also held to be the employer for the purposes of worker's compensation." *Gonzalez v Lamb Weston, Inc.*, 124 P.3d 996, 998 (Idaho 2005); *see also Struhs v. Protection Technologies, Inc.*, 992 P.2d 164 (Idaho 1999). These "statutory employers" may be held liable for worker's compensation benefits, but "they also enjoy immunity from liability for common law torts." *Id. (citing Robison v. Bateman-Hall, Inc.*, 76 P.3d 951 (Idaho 2003). In *Gonzalez*, the Idaho Supreme Court described these immunity statutes as follows:

> Idaho Code § 72-223(1) grants immunity from tort liability to two categories of statutory employers: (1) "those employers described in section 72-216, Idaho Code, having under them contractors or subcontractors who have in fact complied with the provisions of section 72-301, Idaho Code" and (2) "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor or for any other reason, is not the direct employer of the workmen there employed."

*Gonzalez*, 124 P.3d at 998.

In its motion for summary judgment, Lim argued that it was a "statutory employer" of Baugh through its contract with Silver Star and Silver Star's compliance with section 72-301. Section 72-301 requires every employer to secure

**Memorandum Decision and Order – 5**

the payment of compensation under the law by, for example, "insuring and keeping insured with a policy of workmen's compensation insurance." I.C. § 72-301(1).

In opposition to Lim's motion for summary judgment, Baugh did not dispute the legal argument that "statutory employers" are immune from certain tort liability. Instead, Baugh argued that immunity does not apply here because Lim did not have a contract with Silver Star. Thus, Lim's motion for summary judgment, and its motions for reconsideration, turned on whether Lim could show that it had a contract with Silver Star.

In the Court's earlier orders, the Court explained the well established law for contract formation in Idaho, which holds that a valid contract requires a meeting of the minds evidenced by a manifestation of mutual intent to contract, formed by an offer and acceptance. *P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 159 P.3d 870, 876 (Idaho 2007). "In a dispute over contract formation it is incumbent upon the plaintiff to prove a distinct and common understanding between the parties." *Id*. at 876 (Internal quotation and citation omitted.). After noting that there was no dispute that Lim and Silver Star did not have a written contract, the Court addressed Lim's contention that the parties created an oral contract when Lim offered to have Silver Star send Baugh to Lim's work site and locate Silver Star's cable. The Court concluded, however, that Lim's assertions did not fulfill

**Memorandum Decision and Order – 6**

Lim's burden of proving a distinct and common understanding between the parties. The Court recognized that Lim had a statutory duty, not necessarily a contractual duty, to notify Silver Star of its commencement of the excavation. See Idaho Code § 55-2203(1). Therefore, the Court determined that, at the very least, there was a question of fact as to whether Lim and Silver Star had a sufficient meeting of the minds to create a contract between them.

Lim then argued in its motions for reconsideration that John Baugh's deposition testimony, taken after the Court decided the motion for summary judgment, established that there was a contract between Lim and Silver Star. Lim suggested that Baugh's deposition testimony shows that Silver Star sent Baugh to the dig site pursuant to an agreement between Lim and Silver Star. Lim essentially argued that the purpose of sending Baugh to the dig site was to further Lim's pecuniary interest because Lim could not have completed its construction job, but for Baugh's expertise and direction in locating the dig line. The Court concluded, however, that the deposition testimony did not necessarily create or evidence a contract between Lim and Silver Star. Again, the Court noted that Lim also had a statutory duty to notify Silver Star of its commencement of the excavation. Idaho Code § 55-2203(1). Thus, one could reasonably conclude that Lim contacted Silver Star pursuant to its statutory duty, and that Silver Star sent Baugh to the

**Memorandum Decision and Order – 7**

work site to locate and protect its own lines, not to further Lim's pecuniary interest. The Court concluded once again that, at the very least, there was a question of fact as to whether Lim and Silver Star had a sufficient meeting of the minds to create a contract between them.

In their pending motion for partial summary judgment, Plaintiffs now essentially assert the other side of that argument, contending that there is no genuine issue of disputed fact that a contract did not exist between Lim and Silver Star. In turn, Plaintiffs seek a ruling that Lim was not the statutory employer of Baugh and is not entitled to immunity, Baugh was not an employee of Lim, and neither Baugh nor and Silver Star were subcontractors of Lim.

However, in his affidavit, Gale Lim states that Lim and Silver Star verbally contracted to have Baugh sent to the job site to locate the fiberoptic cable. (Docket No. 19, Lim Aff., ¶ 4). Gale Lim also testified in his deposition that Lim had an agreement with Silver Star, suggesting that "[i]t was part of the contractual agreement that we [Lim] had with the State of Idaho." (Docket No. 44, Lim Depo., p. 78). Although it does not seem to be the strongest evidence, and there appears to be some contradiction in Gale Lim's testimony about whether Lim and Silver Start had a written contract, a verbal contract, or any contract at all, the Court finds that there is sufficient evidence and testimony to create a genuine issue of material

**Memorandum Decision and Order – 8**

fact on the matter.  Accordingly, the Court will deny the motion for partial summary judgment and leave the matter for the jury.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Docket No. 96) shall be, and the same is hereby, DENIED.



DATED:  **October 15, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 9**